IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | MDL NO. 2342<br>12-MD-2342<br><br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | CASE NO. |
| Cheryl Phillips, Individually and as Parent and Natural Guardian of Plaintiff S.P., a Minor,<br>   Plaintiffs,<br><br>vs.<br><br>PFIZER INC., a Delaware Corporation; PFIZER INTERNATIONAL LLC, a New York Corporation; J.B. ROERIG & COMPANY, a New York Corporation<br><br>   Defendants. | COMPLAINT AND JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff brings this action, individually and as the parent and natural guardian of her daughter, S.P. (hereinafter referred to as "S.P." or "Minor Plaintiff"), for damages against Defendants Pfizer Inc., Pfizer International LLC and J.B. Roerig & Company and alleges:

### PARTIES

1.   Cheryl Phillips is the mother and natural guardian of S.P. Cheryl Phillips (hereinafter referred to as "Ms. Phillips" or "Mother Plaintiff") brings this action individually for damages sustained and on behalf of her minor daughter, S.P. Ms. Phillips took the prescription drug ZOLOFT® during her pregnancy in the state of Connecticut. S.P.'s birth defects and/or

conditions are the direct and proximate result of Ms. Phillips's use of ZOLOFT®.

2. S.P. was born on September 6, 2012. When S.P. was born, she was suffering from serious birth defects and/or conditions, including ventricular septal defect ("VSD"), as well as other birth defects and/or conditions not yet discovered.

3. Ms. Phillips was unaware of the dangerousness of ZOLOFT® when taken during pregnancy. Had she and/or her healthcare providers known of the increased risk of birth defects, she would not have taken ZOLOFT® during her pregnancy, and S.P. would not have suffered serious birth defects.

4. Pfizer Inc. is a Delaware corporation with its principal place of business in New York, New York. Its address is 235 East 42nd Street, New York, NY 10017-5755. At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, packing, producing, promoting, processing, researching, testing, and selling the prescription drug Sertraline under the trade name ZOLOFT® throughout the United States (hereinafter referred to as "sertraline" or "ZOLOFT" or "ZOLOFT®"). Pfizer may be served with process by registered mail, return receipt requested, upon CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

5. On information and belief, Pfizer International LLC, a New York Corporation, was and still is, a corporation duly existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. At all times hereinafter mentioned, defendant Pfizer International LLC was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution and marketing of pharmaceuticals for distribution, sale and use by the general public the drug

ZOLOFT® (known generically as sertraline), an antidepressant, throughout the United States.

6. On information and belief, Defendant J. B. Roerig & Company (hereinafter referred to as "Roerig") is a division of Pfizer Inc. It is a corporation duly existing under virtue of the laws of the State of New York with its principal place of business in New York, New York. At all time hereinafter mentioned, defendant Roerig was, and still is, a pharmaceutical company involved in research, development, testing, manufacture, production, promotion, distribution and marketing of pharmaceuticals for distribution, sale and use by the general public the drug ZOLOFT® (known generically as sertraline), an antidepressant, throughout the United States.

7. Pfizer Inc., Pfizer International LLC and J.B. Roerig & Company hereinafter shall be referred to as "Pfizer" or "Defendants."

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states, and complete diversity of citizenship exists as between Plaintiffs and Defendants. Pfizer is incorporated under the laws of Delaware and has its principal place of business in New York; therefore, it is a citizen of Delaware and New York under 28 U.S.C. § 1332(c)(1). Pfizer International LLC, a New York Corporation, was and still is, a corporation duly existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. Defendant Roerig is a corporation duly existing under virtue of the laws of the State of New York with its principal place of business in New York, New York. The Mother Plaintiff and Minor Plaintiff are citizens of the state of Connecticut. Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs.

9. Venue is proper in this Court because the ZOLOFT® MDL is pending in this Court and because at all times relevant to this Complaint, Pfizer has engaged in continual business in this District, and Pfizer receives substantial compensation and profits from sales of ZOLOFT® in this District.

## GENERAL FACTUAL ALLEGATIONS

10. The prescription drug Sertraline is manufactured, promoted, marketed, distributed, and labeled by Pfizer under the trade name ZOLOFT®, ZOLOFT® Oral Suspension, and ZOLOFT® CR (collectively, ZOLOFT®) and is a member of a class of drugs known as "selective serotonin reuptake inhibitors" or "SSRIs." ZOLOFT® was approved for use in the United States by the Food and Drug Administration (FDA) for the treatment of Major Depressive Disorder (MDD) on December 30, 1991; Obsessive-Compulsive Disorder (OCD) on October 25, 1996; for children with OCD on October 10, 1997; Panic Disorder on July 8, 1997; Acute Post Traumatic Stress Disorder (PTSD) on December 7, 1999, and for chronic, long term PTSD on August 6, 2001; Premenstrual Dysphoric Disorder on May 16, 2002; and Social Anxiety Disorder on February 7, 2003. ZOLOFT® is supplied for oral administration as scored tablets in doses of 25, 50, and 100 mg. ZOLOFT® has never been approved by the FDA for use in pregnant women.

11. Ms. Phillips ingested Zoloft as prescribed by her treating physician while pregnant with S.P. in Connecticut.

12. The injuries suffered by S.P. were a direct result of Ms. Phillips' ingestion of ZOLOFT® during the relevant pregnancy in a manner and dosage recommended by Pfizer and prescribed by Ms. Phillips' healthcare provider.

**Pfizer Knew or Should Have Known that
ZOLOFT® Causes Serious Birth Defects**

13.     Prior to Ms. Phillips becoming pregnant, Pfizer knew or should have known that children were being born with congenital birth defects to women who took ZOLOFT® during pregnancy.

14.     Prior to Ms. Phillips becoming pregnant, Pfizer knew or should have known that ZOLOFT® crosses the placenta and, thereby, poses significant risks to the developing fetus.

15.     Prior to the time Ms. Phillips ingested ZOLOFT® during pregnancy, Pfizer knew or should have known that ZOLOFT® posed an increased risk of congenital birth defects and other related conditions.

16.     Prior to the time that Ms. Phillips ingested ZOLOFT® during pregnancy, Pfizer knew or should have known from available information that ZOLOFT® posed an increased risk of multiple congenital birth defects.

17.     At or before FDA approval of ZOLOFT®, Pfizer knew that ZOLOFT® caused birth defects when administered to non-human mammalian species.

18.     Prior to the time that Ms. Phillips ingested ZOLOFT® during pregnancy, Pfizer knew or should have known that SSRI drugs, as a class, increase the risk of congenital birth defects. This class includes drugs such as Citalopram (Celexa), Escitalopram (Lexapro), Fluvoxamine (Luvox), Fluoxentine (Prozac), and Paroxetine (Paxil).

19.     Before Ms. Phillips ingested ZOLOFT®, Pfizer knew of studies within the same class of drugs demonstrating that mothers who ingested SSRIs late in their pregnancies showed significantly higher rates of prematurity, poor neonatal adaptation, significantly lower mean birth weight and length, and persistent pulmonary hypertension of the newborn ("PPHN"). Chambers,

Christina, et al., <u>Birth Outcomes in Pregnant Women Taking Fluoxentine</u>, 335 New Eng. J. Med. 1010-15 (1996).

20. Pfizer knew or should have known before 1996 that use of SSRIs, including ZOLOFT®, during pregnancy caused lower gestational age and birth weight, longer hospital stays, and significantly lower Apgar scores[1] than in non-exposed infants in control groups.

### Pfizer Misrepresented, and Continues to Misrepresent, The Safety and Efficacy of ZOLOFT®

21. A central premise of federal drug regulation is that a drug manufacturer bears responsibility for the content of its label at all times.

22. Pfizer knew from preclinical studies and subsequent published studies that dangerous birth defects were associated with ZOLOFT® use during pregnancy. Pfizer took no action to properly study ZOLOFT® and/or did not properly publish the results of studies that it did conduct, which would have reflected the increased risks. Pfizer failed to adequately warn or remedy the risks and, instead, concealed, suppressed, and failed to disclose the dangers. Despite the numerous published studies, some of which are described above, Pfizer continues to deny these dangers.

23. Prior to Ms. Phillips becoming pregnant, Pfizer had the knowledge, the means, and the duty to provide the medical community and the consuming public with more accurate warnings regarding the association between ZOLOFT® and congenital birth defects and other related conditions. Pfizer had a further duty, based upon the evidence and "signals" that had accumulated since the 1990s demonstrating a relationship between ZOLOFT® and birth defects and/or fetal demise, including animal and human studies, case reports, adverse event reports,

---

[1] The Apgar Score was devised by anesthesiologist Virginia Apgar in 1952 to evaluate a newborn baby on five criteria: skin color, heart rate, reflex response, muscle tone, and respiration. *See* www.nlm.nih.gov/changingthefaceofmedicine/physicians/biography_12.html

registries, and other available sources, to conduct post-marketing studies to evaluate fully the significance of these studies. Pfizer, through its agents, employees, and servants, breached these duties.

24. Despite Pfizer's knowledge of the danger of birth defects, Pfizer failed and continues to fail to warn and disclose to consumers, including Ms. Phillips, that ZOLOFT® significantly increases the risk of heart malformations and other birth defects.

25. Pfizer had actual knowledge that doctors frequently prescribed ZOLOFT® to women of childbearing potential for approved uses and for un-approved, or off-label, uses.

26. Pfizer knew that its failure to disclose to the medical community and consumers, including Ms. Phillips, the increased risk of congenital birth defects associated with ZOLOFT® use during pregnancy could result in serious injury and/or death to the children or unborn fetuses of women who were prescribed ZOLOFT® by physicians who were unaware of this information. Pfizer's failure to disclose this information was willful, wanton, and with intentional disregard to the health and safety of consumers, including Ms. Phillips, and caused serious and permanent injuries to the Plaintiffs.

27. The current ZOLOFT® label remains deficient to adequately and accurately warn doctors and/or their patients of the increased risk of cardiac malformations, neural tube defects and other birth defects that are seen in babies whose mothers took ZOLOFT® during pregnancy.

### COUNT I
### Strict Products Liability
### Defective Design

28. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

29. Pfizer designed, formulated, produced, manufactured, sold, marketed, distributed, supplied, and/or placed into the stream of commerce, in the regular course of its business, the pharmaceutical drug ZOLOFT®.

30. At the time ZOLOFT® was manufactured and sold by Pfizer to Ms. Phillips, it was defective in design or formulation in that the foreseeable risks of the product exceeded the benefits associated with its design or formulation or, alternatively, it was more dangerous than an ordinary consumer would expect.

31. Ms. Phillips used ZOLOFT® during pregnancy in a manner that was reasonably anticipated and promoted by Pfizer.

32. The ZOLOFT® sold to Ms. Phillips reached her without substantial change or alteration, as expected by Pfizer, and they ingested it without making any changes or alterations.

33. As a direct and proximate result of Ms. Phillips's use of ZOLOFT® during pregnancy, S.P. suffered injuries and damages as described above.

34. Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Ms. Phillips and S.P., justifies an award of punitive damages.

### COUNT II
### Strict Products Liability
### Failure to Warn

35. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

36. The ZOLOFT® designed, formulated, produced, manufactured, sold, marketed, distributed, supplied and/or placed into the stream of commerce by Pfizer was defective in that, and not by way of limitation, it failed to include adequate warnings, instructions and directions relating to the dangerous risks associated with the use of ZOLOFT® during pregnancy, including

increased dangerous propensities as compared to other similar and comparable alternatives, which risks were known or reasonably scientifically knowable to Defendants. The warnings given by Pfizer did not sufficiently and/or accurately reflect the symptoms, type, scope, severity, or duration of the side effects and, in particular, the risks of injury to unborn children of women who ingest ZOLOFT® during their pregnancy. The Defendants knew or should have known of the defective condition, characteristics and risks associated with Zoloft, as previously set forth herein.

37. Pfizer marketed ZOLOFT® by way of Direct to Consumer advertisements in markets throughout the United States.

38. Pfizer failed to provide adequate warnings to physicians and users, including Ms. Phillips, of the increased risk of congenital birth defects associated with ZOLOFT® use during pregnancy and aggressively promoted the product to doctors, to hospitals, and directly to consumers. Ms. Phillips, her prescribing physicians and health care providers, neither knew, nor had reason to know at the time of their use of ZOLOFT® of the existence of the aforementioned defects. Ordinary consumers would not have recognized the potential risks or side effects for which Defendants failed to include appropriate warnings.

39. At all times herein mentioned, ZOLOFT® was prescribed and used as intended by Defendants and in a manner reasonably foreseeable to Defendants.

40. As a direct and proximate result of Pfizer's failure to warn of the potentially severe adverse effects of ZOLOFT®, S.P. suffered injuries and damages as described above.

41. Pfizer's intentional disregard for the safety of users of ZOLOFT®, and those babies exposed to ZOLOFT® during pregnancy, including Ms. Phillips and S.P., justifies an award of punitive damages.

## COUNT III
## Negligence

42. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

43. Pfizer had a duty to exercise reasonable care in advertising, analyzing, assembling, compounding, designing, developing, distributing, formulating, inspecting, labeling, manufacturing, marketing, monitoring the use of, packaging, producing, promoting, processing, researching, testing, issuing warnings with respect to, and selling ZOLOFT®, and to adequately test and warn of the risks and dangers of ZOLOFT® both before and after sale, and to recall the products upon discovering that the warnings and information issued in connection with ZOLOFT® were inadequate, and that prescribing physicians and consumers did not fully understand the risks associated with ZOLOFT®.

44. Pfizer, through its agents, servants, and/or employees acting within the course and scope of their employment, breached its duty to exercise reasonable care in one or more of the following ways:

   a. failing to conduct sufficient testing which, if properly performed, would have shown that ZOLOFT® use during pregnancy poses an increased risk of injury to unborn children;
   b. failing to disclose adverse test results and other information regarding the risk that ZOLOFT® use during pregnancy will interfere with the proper development of an unborn fetus;
   c. failing to review all adverse drug event reports;
   d. failing to continually test, monitor, and analyze data regarding the safety, efficacy, and prescribing practices for ZOLOFT®;
   e. failing to monitor the sales of ZOLOFT® and related medical literature regarding the over-prescription of ZOLOFT® to women of childbearing potential;
   f. failing to periodically review medical literature regarding the side effects associated with ZOLOFT® use;
   g. failing to adequately warn the medical community and consumers,

       including Ms. Phillips and her healthcare providers, of the increased risks associated with ZOLOFT® use during pregnancy;

h. misrepresenting that ZOLOFT® was safe for use during pregnancy when it knew or should have known that it was associated with congenital birth defects;

i. failing to conduct post-marketing safety surveillance and report any information bearing upon the adequacy and/or accuracy of its warnings, efficacy, or safety, including the risks and/or prevalence of adverse effects associated with ZOLOFT® use during pregnancy, to the medical community and consumers, including Ms. Phillips and her healthcare providers;

j. failing to provide post-marketing warnings after Pfizer knew or should have known of the significant risks of congenital birth defects associated with ZOLOFT® use during pregnancy;

k. promoting and marketing ZOLOFT® as safe and effective for use during pregnancy when Pfizer knew or should have known that ZOLOFT® was associated with an increased risk of congenital abnormalities; and

l. promoting and marketing ZOLOFT® for non-approved (off-label) uses and/or over-promoting, marketing, advertising, and selling ZOLOFT® without warning of the potential danger to an unborn fetus, which resulted in over-prescription of ZOLOFT® to women of childbearing potential.

45. As a consequence of one or more of the foregoing acts or omissions, Pfizer failed to act as a reasonably prudent drug manufacturer.

46. As a direct and proximate result of Pfizer's negligence, S.P. suffered injuries and damages as described above.

47. Pfizer's intentional disregard for the safety of users of ZOLOFT®, and those babies exposed to ZOLOFT® during pregnancy, including Ms. Phillips and S.P., justifies an award of punitive damages.

## COUNT IV
### Negligent Misrepresentation

48. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

49. Defendants, and each of them, from the time that ZOLOFT® was first tested, studied, researched, manufactured, marketed and distributed, and up to the present, made false representations, as previously set forth herein, to Ms. Phillips and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general, including, but not limited to, the misrepresentation that ZOLOFT® was safe, fit, and effective for human consumption during pregnancy.

50. At all times relevant hereto, Defendants, and each of them, conducted a sales and marketing campaign to promote the sale of ZOLOFT® to women of child-bearing years and willfully deceive Ms. Phillips and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general as to the health risks and consequences of the use of ZOLOFT® during pregnancy.

51. Defendants made the foregoing misrepresentations without any reasonable grounds for believing them to be true. These misrepresentations were made directly by Defendants, by sales representatives, detail persons and other authorized agents of said Defendants, and in publications and other written materials directed to Ms. Phillips and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, and the public in general, with the intention of inducing reliance and the prescription, purchase, and use of ZOLOFT®.

52. The foregoing representations by Defendants, and each of them, were in fact false, in that ZOLOFT® is not, and at all relevant times alleged herein was not, safe, fit, and effective for human consumption during pregnancy, the use of ZOLOFT® is hazardous to health of the unborn child, and ZOLOFT® has a significant propensity to cause serious injuries to users including, but not limited to, the injuries suffered as described above. The foregoing

misrepresentations by Defendants, and each of them, were made with the intention of inducing reliance and inducing the prescription, purchase, and use of ZOLOFT®.

53. In reliance on the misrepresentations by Defendants, and each of them, Ms. Phillips and her prescribing physicians and healthcare providers were induced to purchase and use ZOLOFT®. Their reliance upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts. If they had known of the true facts and the facts concealed by Defendants, they would not have purchased, prescribed or ingested ZOLOFT®.

54. As a direct and proximate result of Pfizer's negligent misrepresentation of these material facts, S.P. suffered injuries and damages as described above.

55. Pfizer's intentional disregard for the safety of users of ZOLOFT®, and those babies exposed to ZOLOFT® during pregnancy, including Ms. Phillips and S.P., justifies an award of punitive damages.

## COUNT V
## Fraud, Fraudulent Misrepresentation and Concealment

56. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

57. Pfizer owed a duty to the medical community and consumers, including Ms. Phillips and her healthcare providers, to provide accurate and complete information regarding ZOLOFT®.

58. Pfizer's advertising program, by affirmative misrepresentations and omissions, falsely and deceptively created the image and impression that ZOLOFT® was safe for human use, had no unacceptable side effects, had fewer side effects than other antidepressants, and would not interfere with daily life.

59. Plaintiffs are informed and believe and based thereon allege that Defendants, while knowing that ZOLOFT® poses a significant risk of harm to the fetus when used during pregnancy, orchestrated a sophisticated, comprehensive, multi-pronged marketing scheme to convince Ms. Phillips and the general consuming public, the healthcare community and others that ZOLOFT® was safe and effective for use during pregnancy.

60. Plaintiffs are informed and believe and based thereon allege that, while knowing that the ZOLOFT® is not effective, and that it poses a significant risk of injury to a fetus when used during pregnancy, Defendants implemented a false, fraudulent and misleading nationwide marketing campaign, including DTC advertising and marketing, concerning ZOLOFT®, specifically stating that ZOLOFT® is safe and effective for use during pregnancy.

61. Pfizer purposefully concealed, failed to disclose, misstated, downplayed, and/or understated the risks associated with ZOLOFT®. Pfizer, through promotional literature, deceived potential users and prescribers of ZOLOFT® by relying only on positive information, such as testimonials from allegedly satisfied users, and manipulating statistics to suggest widespread acceptability while concealing, misstating, and/or downplaying the known serious adverse effects. Pfizer suggested that the risks associated with the discontinued use of ZOLOFT® may be greater than any potential risk associated with use during pregnancy and intentionally withheld relevant information from potential ZOLOFT® users and prescribers regarding the safety and efficacy of ZOLOFT® use during pregnancy.

62. Specifically, Pfizer misrepresented and/or omitted a number of material facts in its materials, including but not limited to:

    a. the presence, accuracy, and adequacy of testing of ZOLOFT®; and
    b. the severity and frequency of adverse congenital birth defects, heart defects, PPHN, and/or other related conditions associated with ZOLOFT® use during pregnancy.

63. Pfizer misrepresented and/or concealed these material facts with the intent to deceive ZOLOFT® users, including Ms. Phillips, and her prescribers and induce users to ingest ZOLOFT® during pregnancy.

64. Ms. Phillips ingested ZOLOFT® during pregnancy in justifiable reliance on the facts as she knew them. If she had known the actual facts, she would not have taken such actions nor would she have used ZOLOFT® during her pregnancy with S.P. Her reliance upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts.

65. By and through the Defendants' false statements, fraudulent conduct and fraudulent concealment of facts as alleged herein, Plaintiffs were prevented from discovering the wrongful conduct of Defendants with regard to ZOLOFT® and were thereby prevented from discovering the causes of action against Defendants herein. Therefore, Defendants are estopped from asserting any statute of limitations defenses in this matter as such statutes of limitation have been delayed in accrual and/or have been tolled due to Defendants' conduct. So long as Defendants continue to deny the increased risk of birth defects, the adverse events and the causal relationship between ZOLOFT® and S.P.'s injuries, all such statutes of limitation applicable to the causes of action asserted herein are, and will continue to be, tolled.

66. As a direct and proximate result of Pfizer's misrepresentation and/or concealment of these material facts, S.P. suffered injuries and damages as described above.

67. Pfizer's intentional disregard for the safety of users of ZOLOFT®, and those babies exposed to ZOLOFT® during pregnancy, including Ms. Phillips and S.P., justifies an award of punitive damages.

## COUNT VI
## Breach of Implied Warranty

68. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

69. Prior to the use of ZOLOFT®, Defendants, and each of them, impliedly warranted to Ms. Phillips, her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, the FDA, and the public in general, that ZOLOFT® was merchantable quality and safe and fit for the use for which it was intended.

70. Ms. Phillips and her physicians and healthcare providers were, and remain, unskilled in the research, design, and manufacture of ZOLOFT® and reasonably relied entirely on the skill, judgment, and implied warranty of Defendants in using ZOLOFT®.

71. The Defendants breached their warranties in that ZOLOFT® was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that ZOLOFT® had dangerous propensities and known or knowable side effects when put to its intended use during pregnancy and would cause severe injuries to the user and her unborn child, which propensities and side effects were known or knowable but were not warned of by the Defendants.

72. As a direct and proximate result of the aforementioned breach of implied warranties, S.P. suffered injuries and damages as described above.

73. Pfizer's intentional disregard for the safety of users of ZOLOFT®, and those babies exposed to ZOLOFT® during pregnancy, including Ms. Phillips and S.P., justifies an award of punitive damages.

## COUNT VII
## Breach of Express Warranty

74. Plaintiffs incorporate all allegations in the preceding paragraphs as if fully set forth herein and further allege:

75. At all times herein alleged, Defendants, and each of them, expressly represented and warranted to Ms. Phillips and her prescribing physicians and healthcare providers, the medical, scientific, pharmaceutical and healthcare communities, the FDA, and the public in general, by and through statements made by Defendants, their authorized agents, and sales representatives, orally and in publications, package inserts, and other written materials intended for physicians, patients, and the general public, that ZOLOFT® was safe, effective, fit, and proper for it intended use, and ZOLOFT® was purchased in reliance upon said express warranties.

76. In using ZOLOFT®, Ms. Phillips and her prescribing physicians and healthcare providers, relied on the skill, judgment, representations, and express warranties of Defendants. Said warranties and representations were false, in that ZOLOFT® was not safe and was unfit for the use for which it was intended.

77. As a result of the foregoing breach of express warranties by Defendants, S.P. sustained injuries and damages as described above.

78. Pfizer's intentional disregard for the safety of users of ZOLOFT®, including Ms. Phillips and S.P., justifies an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in their favor and seek the following relief against Pfizer:

    A.    Compensatory damages in excess of $75,000, exclusive of interest and costs;

    B.    Costs of suit;

    C.    Pre-judgment and post-judgment interest;

    D.    Punitive damages; and

    E.    Such other relief as this Court deems just and proper under the circumstances.

DATED: 8/27/15

RESPECTFULLY SUBMITTED,

*/s/ Jaime E. Moss*
Jennifer A. Lenze, (CA. Bar # 246858)
Jaime E. Moss, (CA Bar #285761)
jlenze@sizemorelawfirm.com
moss@sizemorelawfirm.com
**SIZEMORE LAW FIRM, PLC**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
T: (310) 322-8800/F: (310) 322-8811

Attorneys for Plaintiffs

## JURY TRIAL DEMAND

Plaintiffs request a jury trial as to all claims in this complaint.

DATED: 8/27/15

RESPECTFULLY SUBMITTED,

*/s/ Jaime E. Moss*
Jennifer A. Lenze, (CA. Bar # 246858)
Jaime E. Moss, (CA Bar #285761)
jlenze@sizemorelawfirm.com
moss@sizemorelawfirm.com
**SIZEMORE LAW FIRM, PLC**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
T: (310) 322-8800/F: (310) 322-8811

Attorneys for Plaintiffs